UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                                  Case No. 8:15-cr-97-T-27TGW

LUIS EDUARDO REY-DURIER
_____/

## ORDER

**BEFORE THE COURT** is Defendant Rey-Durier's *pro se* "Motion to Modify Sentence." (Dkt. 359). The motion is construed as seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) and Section 603 of the First Step Act. A response is unnecessary. The motion is **DENIED**.

Rey-Durier stands convicted of one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. (Dkt. 174). On October 19, 2015, he was sentenced to 180 months imprisonment, followed by 5 years of supervised release. (Id.). He did not appeal.

Rey-Durier seeks compassionate release based on what he contends are "extraordinary and compelling" reasons. (Dkt. 359 at 4). Construing his motion liberally, he contends that a sentence reduction is warranted because it will "allow him to protect himself from the spread of the novel coronavirus 2019 (COVID-19) by sheltering in place at his residence in light of his serious underlying (and pre-existing) health [problems], which place him in the COVID-19 high risk category." (Id. at 1). He asserts that he is "elderly, at age 68 years old," and that he "suffers from some severe medical problems, including high blood pressure, high cholesterol, hypothyroid, glaucoma, and obesity." (Id. at 2). He requests that this Court appoint counsel to assist in seeking

compassionate release, and further requests that his sentence be modified to time served with an additional special condition of supervised release that he serve a period of home confinement in Bogota, Colombia. (Id. at 1-2; Dkt. 359-1 at 1).

The First Step Act amended § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the Court after fully exhausting administrative remedies available to him following the failure of the Bureau of Prisons ("BOP") to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b). Rey-Durier provides documentation that reflects he filed a request with BOP to bring a motion on his behalf more than 30 days ago. (Dkt. 359-1 at 1). Indeed, he requested that BOP consider compassionate release based on his "Debilitated Medical Condition," which makes him "more susceptible to the Coronavirus and makes the virus more life threatening to me." (Id.). On May 5, 2020, his request was denied.[1] (Dkt. 359-1 at 2). Accordingly, because 30 days have elapsed since the warden received his request for compassionate release, his motion for compassionate release based on "extraordinary and compelling reasons" can be considered.

---

[1] The warden's denial letter provides in pertinent part,

> This is in response to your Request for Compassionate Release/Reduction in Sentence Consideration dated April 20, 2020. You request a Compassionate Release based on "Debilitated Medical Condition."
>
> A thorough review of your request was completed utilizing Program Statement 5050.50, Compassionate Release/Reduction in sentence. The Medical Review/Summary prepared in your case indicates you have not been diagnosed with an incurable, progressive illness and have not suffered from a debilitating injury from which you will not recover. You are not completely disabled and are able to perform activities of daily living. Additionally, you are not confined to a bed or chair more than 50% of waking hours. You do not have a diagnosis of a cognitive deficit which affects your mental capacity or function. Based on this information, you are not eligible for Compassionate Release due to a Debilitated Medical Condition.
>
> The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting COVID-19 does not currently warrant an early release from your sentence.

(Dkt. 359-1 at 2).

While section 3582(c)(1)(A) allows a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). What constitutes "extraordinary and compelling circumstances" is not defined, except that "[r]ehabilitation of the defendant alone" is insufficient. *See* 28 U.S.C. § 994(t).

The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. § 1B1.13, cmt. n.1. None of Rey-Durier's contentions fall within application notes (A)-(D). Although he asserts that he suffers from "serious underlying health problems," he does not provide any medical documentation that supports his assertion or a finding that the conditions make him unable to provide self-care.[2] *See United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at \*1-2 (M.D. Fla. June 7, 2019) (denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition); *see also United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at \*1 (S.D. Ga. Sept. 30, 2019) (denying compassionate release where defendant asserted he was diagnosed with a brain tumor, but does not "indicate that he is unable to care for himself while incarcerated"). Notwithstanding, courts in this Circuit have found that "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G.

---

[2] As noted, Rey-Durier petitioned the warden for compassionate release based on his "Debilitated Medical Condition." According to the BOP Program Statement 5050.50, to qualify for early release consideration based on debilitated medical condition, Rey-Durier must "have an incurable, progressive illness or . . . have suffered a debilitating injury from which [he] will not recover." BOP Program Statement 5050.50, § 3.b.

§ 1B1.13." *See United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020).

In sum, none of Rey-Durier's reasons are encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes. These reasons are not, therefore, consistent with the policy statement in § 1B1.13. Accordingly, because he has not shown extraordinary and compelling reasons or any other basis to grant compassionate release, this Court is without authority to grant relief, and the motion for sentence reduction and appointment of counsel is **DENIED**.

**DONE AND ORDERED** this 29th day of July, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record