UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No. 8:15-cr-97-T-27TGW

LUIS EDUARDO REY-DURIER
_____/

# ORDER

**BEFORE THE COURT** are Defendant Rey-Durier's "Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i); the First Step Act of 2018; CFR 571.16 and/or Program Statement 5050.50 with Memorandum of Law" and "Annexation to His Motion for Compassionate Release" (Dkts. 367, 370). No response is necessary. The motion is **DENIED**.

Rey-Durier stands convicted of one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. (Dkt. 174 at 1). He was sentenced to 180 months imprisonment, followed by 5 years of supervised release. (Id. at 2-3). He did not appeal. His prior motions for compassionate release and for reconsideration were denied. (Dkts. 359, 362, 363, 364).

Rey-Durier again seeks compassionate release based on what he contends are "extraordinary and compelling" reasons, specifically "his age of 68 years, his health, and years of incarceration, post-rehabilitation."[1] (Dkt. 367 at 1). He asserts that he "suffers from high cholesterol, his obesity (body mass index [BMI] of 30 or higher), hypertension, low thyroid, chronic/severe knee pain, and he is a former smoker." (Id. at 7-8). He further notes that he has served "50% of the sentence imposed," and "has taught GED classes" and "helped other inmates

---

[1] Elsewhere in his motion, Rey-Durier asserts that he is 69 years old. *See* (Dkt. 367 at 8).

1

receive their G.E.D. and other educational feats." (Id. at 2-3). He also raises concerns relating to possible exposure to Covid-19 and complications due to his underlying medical conditions and age. (Id. at 1-3, 8-15). However, he is not entitled to compassionate release.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting administrative remedies available to him following the failure of the Bureau of Prisons ("BOP") to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b); *see United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (finding that the exhaustion requirement is not jurisdictional). Although Rey-Durier provides documentation reflecting that he sent a request to the warden on April 17, 2021, he has not shown that he appealed the denial of his request. (Dkt. 367-1 at 1-2). And his motion for compassionate release was dated on May 3, 2021. (Dkt. 367 at 19). In any event, even if he has exhausted his administrative remedies, he has not shown an "extraordinary and compelling reason" warranting compassionate release.

While § 3582(c)(1)(A) provides for a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. § 1B1.13, cmt. n.1.

None of the reasons offered by Rey-Durier fall within these circumstances. Although he asserts that he suffers from various medical conditions, including high cholesterol, obesity, hypertension, low thyroid, knee pain, and a history of smoking, he does not provide medical documentation supporting his contention that such conditions have substantially diminished his ability to provide self-care. *See* (Dkt. 367 at 7-8); (Dkt. 367-1 at 4-61); *see also United States v. Rind*, 837 F. App'x 740, 743-44 (11th Cir. 2020) (affirming denial of compassionate release where defendant who had type II diabetes, hypertension, high blood pressure, and asthma did not "provide[] sufficient information regarding the severity of his medical conditions nor had he supported his allegations with medical records"). And although he contends that his "underlying medical conditions substantially diminish his ability to provide self-care" because he cannot "protect[] himself from contracting Covid-19," courts in this Circuit, with which I agree, have found that "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *See United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL 2512883, at *6 (M.D. Fla. May 15, 2020); (Dkt. 367 at 11).

Additionally, Rey-Durier does not identify age-based or family circumstances warranting release. *See* U.S.S.G. § 1B1.13, cmt. n.1. His circumstances do not warrant a sentence reduction under application note (D), especially when considering the factors listed in the BOP's Program Statement 5050.50, available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf (last accessed June 15, 2021). Last, while his rehabilitation efforts are admirable, (Dkt. 367 at 15-17); (Dkt. 367-1 at 3); (Dkt. 370 at 3-4), rehabilitation alone is insufficient to warrant release. *See* 28 U.S.C. § 994(t). In sum, his reasons are not encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13 and are, therefore, not consistent with § 1B1.13.

3

To the extent Rey-Durier contends that he has presented an extraordinary and compelling reason independent of U.S.S.G. § 1B1.13, the Eleventh Circuit Court of Appeals has rejected that contention. *United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021) (concluding that "1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence"); (Dkt. 367 at 4-7). Even if district courts have discretion to independently determine what constitutes an extraordinary and compelling reason, Rey-Durier has not established a basis to warrant compassionate release. Last, even if extraordinary and compelling reasons exist, the § 3553(a) factors do not weigh in favor of his release.[2]

In summary, Rey-Durier has not demonstrated that compassionate release is warranted. Accordingly, his motion is **DENIED**. (Dkt. 367).

**DONE AND ORDERED** this 15th day of June, 2021.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record

---

[2] These factors aid the court in imposing a sentence that is "sufficient, but not greater than necessary . . . to reflect the seriousness of the offense and to promote respect for the law, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment." *United States v. Powers*, 790 F. App'x 176, 181-82 (11th Cir. 2019) (citation omitted). In addition to these factors, "[t]he court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant . . . ." *United States v. Gonzalez-Villanueva*, 810 F. App'x 809, 812 (11th Cir. 2020) (citations omitted). The circumstances of Rey-Durier's offense do not weigh in favor of release. Indeed, notwithstanding a prior conviction and ten-year sentence based on similar conduct, he was convicted of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. (Dkt. 174 at 1); (Dkt. 265 at 11-13); (Dkt. 161 ¶ 26). Reducing his sentence, therefore, would not reflect the seriousness of his offense, promote respect for the law, provide just punishment, or adequately deter criminal conduct in the future.